## OFFICIAL SYLLABI
## Ohio Appeals

### THOMAS v. BUTLER CO. COMMRS.
### STATE ex SEEMAN v. KINCH et.
Ohio Appeals, 1st Dist., Butler Co.
P. P. Boli, Andrews, Andrews & Rogers, M. O. Burns and W. C. Shepherd, Hamilton, Chester S. Durr, Cincinnati, and Squire, Sanders & Dempsey, Cleveland, for appellants.
Bickley & Bickley, Hamilton, and B. F. Harwitz, Middletown, for Commrs.
HAMILTON, J.
**ROADS & HIGHWAYS**
(520 C2b) Under 6910, 6911 GC., only preliminary resolution declaring necessity of road improvement initiated without petition, not each step in proceedings, requires unanimous vote of county commissioners.
(520 C) Failure to give notice of passage of resolution declaring necessity of road improvements involving expenditure of about $225,000, under 6912 GC., held fatal to proceedings; exception of "cases of reconstruction or repair," etc., not applying to contract of such magnitude.
(520 M) County commissioners' resolution declaring necessity of proceedings for "constructing, improving, and repairing" road eliminated question of "reconstruction" within exception to requirement of 6912 GC., that notice of pas-

sage of resolution be given, even if technical meaning be given words "reconstruction" and "repair" in such exception.

(520 M) Words "reconstruction" and "repair" in 6912 GC., excepting such cases from requirement of notice of passage of resolution declaring necessity for road improvement, should be given ordinary and reasonable construction in relation to things to be accomplished.

(520 T) Right of citizens to appear before legislative body to protest and object to proposed legislation, especially when involving questions of taxation, is reserved by both national and state Constitutions, so as to entitle taxpayer to notice of county commissioners' passage of resolution declaring necessity for road improvement in manner provided by 6912 GC.

(520 T) 6912 GC., will be construed strictly in favor of citizen taxpayers, so far as exception of cases of reconstruction or repair from requirement of notice of county commissioners' passage of resolution declaring necessity for road improvement is concerned.

(520 C2a) County auditor's failure to file certificate, required by 5660 GC., that money required for payment of obligation incurred or appropriation made by county commissioners is in treasury to credit or fund from which it is to be drawn or in process of collection, held fatal to proceedings for improvement of roads, under Sect. 5661, though it was to be paid for from sale of bonds.

**STATUTES**

(550 D) Duty of courts is to see that clearly expressed requirements of statutes are strictly followed, though it sometimes works a hardship.

**ROADS & HIGHWAYS**

(520 C2a) While no particular form of certificate by county auditor under 5660 GC., that money required for payment of obligation incurred or appropriation by county commissioners is in treasury or in process of collection is required, it must contain matter required by statutes, and suggestion that clerk of board of commissioners filed certificate, and that auditor filed some writing in reference to bonds having been sold, is insufficient.

(Cushing and Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

(Continued from Page 586)

McGinnis, Pro. Atty. v. P. U. C. OS. No. 21354, 6 Abs. 586.

McKee v. Liming. OA. 6 Abs. 589; OS. No. 21269, 6 Abs. 421.

McManus. v. Fuerst Friedman Co. OA. 6 Abs. 587.

Nat. Life Ins. Co. v. Patrick. OA. 6 Abs. 168; OS. No. 20876, 6 Abs. 13, MCO. 6 Abs. 77; 28 Oh. Ap. 267★.

Olmsted v. Schrembs. OA. 6 Abs. 595; OS. No. 21271, 6 Abs. 421.

Order of United Comm. Travel. of Am. v. Etchen. OA. 6 Abs. 551; OS. No. 21149, 6 Abs. 325; MCO. 6 Abs. 389; 27 Oh. Ap. 422★.

Pettit v. Morton et. OA. 6 Abs. 549; OS. No. 21133, 6 Abs. 293, MCO. 6 Abs. 389; 28 Oh. Ap. 227★; 162 NE. 627.

Schraeder v. State. OA. 6 Abs. 459; 28 Oh. Ap. 248★; 162 NE. 647.

State ex Mahler v. Buse. OA. 6 Abs. 598.

State ex Dally v. Bd. of Deputy State Superv. OS. No. 21352, 6 Abs. 586.

State ex Seeman v. Kinch. OA. 6 Abs. 599; 162 NE. 430.

Thoms v. Butler Co. Commrs. OA. 6 Abs. 599; 162 NE. 430.

Tyler v. Hocking Val. Rd. Co. OA. 5 Abs. 546; 28 Oh. Ap. 88★; 162 NE. 623.

White Sewing Machine Co. v. Feisel. OA. 6 Abs. 137; OS. No. 20892, 6 Abs. 29; MCO. 6 Abs. 77; 28 Oh. Ap. 152★; 162 NE. 633.

Zielinski v. Szilvasy. OA. 6 Abs. 599.

---

**Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912.**

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for October 1, 1928.

State of Ohio, County of Cuyahoga, ss:

Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse side of this form, to-wit:

1. That the names and addresses of the publisher, editor, managing editor, and business manager are:

Publisher, The Law Abstract Co., Cleveland, Ohio, Editor S. R. Laning; Business Manager, J. F. Laning, Cleveland, Ohio.

2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

C. E. Laning, Cleveland, Ohio; M. M. Laning, Cleveland, Ohio; S. R. Laning, Cleveland, Ohio; Robert Lanius, Lorain, Ohio, and J. F. Laning, Cleveland, Ohio.

3. That the known bondholders, mortgagees and other security holders owning or holding 1 per cent or more of total amounts of bonds, mortgages, or other securities are: None.

4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company as trustees or in any other fiduciary relation, the name of the person or corporation for whom such trustees is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association or corporation has any interest direct or indirect in the said stock, bonds, or other securities than so stated by him.

J. F. LANING, Business Manager.

Sworn to and subscribed before me this 27th day of September, 1928.

HARRY L. ALBERT, Notary Public.
My commission expires August 16, 1929.